UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DORIS JEAN STALNACKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16-CV-616-JMB |
| | ) |
| ANGELA MESMER, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the application of Doris Jean Stalnacker for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court will grant the motion.

### **The Petition**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that following her conviction in the Circuit Court of Mississippi County, Missouri, she was placed on probation. Her probation subsequently was revoked on January 12, 2016. In the instant action, petitioner is challenging the revocation of her probation on the grounds that she was not given good time credit due to her, and her probation should have expired in April 2014. Petitioner states

that she did not become aware of the error until sometime after the dismissal of her untimely appeal on March 28, 2016.

## Discussion

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his or her claim to the state courts by any currently available and adequate procedure. The State of Missouri provides habeas corpus relief for prisoners in its custody. *See* Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01. As such, it appears that petitioner has available procedures that she must exhaust.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because it appears that petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant petition for failure to exhaust available state remedies. Petitioner's failure

to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action, without prejudice.

Dated this 6th day of July, 2016.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**