UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DORIS JEAN STALNACKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-616 JMB |
| | ) | |
| ANGELA MESMER, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that petitioner has failed to adequately exhaust her state court remedies prior to bringing the instant action to this Court. Petitioner's application for writ of habeas corpus will therefore be dismissed, without prejudice.

**Background**

Petitioner filed the instant petition following the revocation of her probation in a criminal case in Mississippi County, Missouri on January 12, 2016.[2] In the instant action, petitioner is

---

[1] On July 6, 2016, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as a result of petitioner's failure to exhaust her state court remedies.

[2] Petitioner was originally charged with, and pled guilty to, possession with intent to distribute a controlled substance. On April 8, 2008, petitioner was sentenced to fifteen years' imprisonment in the Missouri Department of Corrections; however, she was given a Suspended Execution Sentence ("SES"). Petitioner was also given five years' probation, as well as credit for time served in jail. Petitioner's probation was first revoked on June 8, 2010, and at that time, she was ordered to 120 days shock incarceration. On January 12, 2016, after petitioner's probation was again revoked, her original sentence of fifteen years' incarceration was executed. *See State v. Stalnacker*, No. 08MI-CR80-01 (33rd Judicial Circuit, Mississippi County).

challenging the revocation of her probation on the grounds that she was not given good time credit due to her. Petitioner asserts that her probation should have expired in April 2014. Petitioner states that she did not become aware of the error until sometime after the dismissal of her untimely post-conviction motion, filed on March 28, 2016. *See Stalnacker v. State*, No. 16MI-CV158 (33rd Judicial Circuit, Mississippi County).

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). In Missouri, a petitioner can pursue her challenge by filing a state petition for habeas corpus. *Id.* Prior to bringing the present action, petitioner had failed to challenge her revocation of her probation.[3]

In her response to the Court's July 6, 2016 Memorandum and Order, petitioner concedes that she has not exhausted her state remedies and requests a copy of a form order for filing a state petition for habeas corpus. Although this Court does not maintain state court forms, petitioner may write to the Missouri State Supreme Court to attain such forms.

Because petitioner has not exhausted her available state remedies, the Court will dismiss the petition without prejudice.

---

[3] After filing the present action, petitioner filed a petition for writ of habeas corpus in Mississippi County Missouri on July 20, 2016. *See Stalnacker v. State*, No. 16MI-CV00373 (33rd Judicial Circuit, Mississippi County). The matter was transferred to Audrain County on July 21, 2016, and is still pending. *See Stalnacker v. State*, No. 16AU-CC00036 (12th Judicial Circuit, Audrain County).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED, without prejudice, as a result of petitioner's failure to exhaust her state remedies**. *See* Rule 4 of the Rules Governing § 2254 Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this   4th   day of October, 2016.

\s\   Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE